REID, Judge.
Plaintiff filed this suit on March 1, 1965 against his wife, Violet E. Buyas for separation from bed and board on the grounds of cruel treatment by his wife toward him of such a nature as to render their living together insupportable. These charges are based on an allegation that on or around July 10, 1964 defendant, without cause or justification and without telling her husband where she was going, left home and stayed away from home for approximately one week. That on or around July 20, 1964 defendant, without cause or justification, left home and stayed away, without telling her husband where she was or when she was going to return, and stayed away for approximately two weeks. He further alleged that when the defendant did return home on August 5, 1964 she cursed her husband and told him to get out and not to come back.
Defendant answered admitting that they were married in November 1940 and that they lived together until around August 5, *515 1964. She denied any cruel treatment or other allegation that she left without just cause and then assuming the position of plaintiff in reconvention alleged that the only reason for the separation between her and the plaintiff was the excessive drinking of alcoholic beverages by her said husband. She further alleged that the occasions of her absence from the home as alleged in plaintiff’s petition were when plaintiff and defendant in reconvention was drinking so excessively she could not remain at home. She alleged various acts of intoxication and that on August 5, plaintiff and defendant in reconvention returned to Baton Rouge, after having been out of the State for two weeks called the defendant from Baton Rouge. She, remembering other occasions, told him that if he could not straighten up and stop drinking that she did not want him to come back and that he made the choice, and that by reason of his habitual and excessive drinking defendant was entitled to a separation from bed and board. She asked for alimony, attorneys fees, and a temporary restraining order and preliminary injunction enjoining the plaintiff from disposing of the community property.
Plaintiff and defendant in reconvention filed an answer to the defendant’s recon-ventional demand denying the allegations of habitual intemperance and alleges that some of the notes which formed part of the community property had been transferred prior to the restraining order issued herein, but there was still a note of $12,000.00 held by the First National Bank of Gonzales for collection. He denied having any intention of transferring any part of the community property with the idea of defrauding the defendant and had no objection to a preliminary injunction being issued and asked for a preliminary injunction against her as well as him to keep either one from disposing of or dissipating any part of the community property.
He further denied that the defendant and plaintiff in reconvention was in necessitous circumstances as she was being paid $288.-60 per month from rental property owned by the community, and that she had not been paying any of the expenses, including taxes, insurance premiums or mortgage to the First National Bank of Gonzales. He further alleged that he was not presently employed and was not able to pay alimony above the amount which she received from this property, and that he wanted her to continue to receive the rent from this property provided that she made the payment of $150.00 per month to the First National Bank of Gonzales, and prayed for rejection of defendant’s demand in reconvention.
The Trial Judge on April 30, 1965 rendered judgment and signed same issuing a preliminary injunction, restraining the plaintiff from disposing of or encumbering or otherwise alienating the community property and especially the promissory note held by the First National Bank of Gonzales collection department. The matter was tried on June 24, 1965 and the Trial Judge rendered judgment dismissing the suit of plaintiff at his costs, and defendant’s reconventional demand at her cost, and annulling and setting aside all restraining orders and injunctions heretofore issued.
From this judgment both plaintiff and defendant have appealed to this Court.
The issues in this case are largely factual. There is no question but what defendant left the matrimonial domicile on or about the dates set out. The only witness, other than Mrs. Buyas, the defendant, was their son Donald Buyas. He testified to his father’s excessive drinking, verifying his mother’s allegations and testimony of the plaintiff’s drinking to excess. Plaintiff admitted that he took an occasional drink and that in the month of July, the time of the alleged separation, he had just returned from a meeting of the Legislature where he was lobbying for the Grocers Association. He further testified as Mayor of Gonzales he had to attend innumerable social functions where alcoholic beverages were served.
*516 Plaintiff injected a new issue in the case, over the objection timely of the defendant, by offering testimony that the defendant had also an alcoholic or drinking problem. Mrs. Buyas admitted that she had been drinking to some extent but that she had quit and that only three times in the last fifteen months had she had anything to drink. One of these was when she took some few drinks to try, as she said, to make her husband realize that she too might have a problem and stop his drinking and one of the other occasions was when her son got married.
The Judge admitted the testimony over the objection of the defendant on the ground that he wanted to see what was the cause of the “incompatibility” between the two parties.
In view of the testimony which we do not feel necessary to rehash in detail Mr. Buyas was drinking excessively, that his wife was nervous and upset, and was trying to get him to refrain from drinking, that she had a good excuse to leave Him when she did. He testified that she cursed him out and told him not to come back, but her testimony is more probable in that she told him if he could straighten up and act right that he could come back. We feel that this would be natural under the circumstances as the wife clearly wanted to see her husband straighten up and act right and she could see where his drinking was leading him.
Their son, Donald Buyas, who was twenty years old at the time of the separation, and about twenty-one at the time of the trial, had married during the separation. He testified that during the days that his mother was absent from the home, he checked on his father practically every day and that he would find him lying in bed or sitting up with a drink in his hand looking at television. He felt that his father was drinking excessively.
We feel that the wife was justified in leaving the home under these circumstances and that plaintiff's suit for separation on the grounds of cruel treatment was properly rejected by the Lower Court. However, in regard to the defendant’s claim in reconvention for a separation from bed and board on the grounds of habitual intemperance we believe that the defendant and plaintiff in reconvention has proved her case by a fair preponderance of evidence. While normally under cases of this kind the mutual fault of both parties would be a bar to a judgment in favor of either, and the Court would be justified in rejecting both claims on the grounds of mutuality of fault we do not believe such a situation exists in the present case.
The plaintiff based his suit on cruel treatment caused by the defendant absenting herself from the family home without cause, and not explaining where she was. She testified that she was at her mother’s home and her husband knew it and could have gotten in touch with her at any time he wanted to. In addition, he was in communication with their son and could very easily have found out where she was. He does not allege in his petition any habitual intemperance on the part of his wife and we believe the Court was wrong in admitting the testimony as to her drinking habits over the objection of the defendant.
As we view the testimony, the defendant has amply proven that her husband was drinking excessively and to such an extent as to make their living together insupportable.
For the foregoing reasons it is ordered that the judgment insofar as it rejects plaintiff’s demands be affirmed, and that the judgment of the Trial Court likewise rejecting the demands of the defendant and plaintiff in reconvention be reversed and judgment rendered in favor of the defendant and plaintiff in reconvention, in recon-vention against her said husband, granting her a separation from bed and board on the grounds of habitual intemperance, reinstating all of the restraining orders and *517 preliminary injunctions heretofore issued and remanding the case to the Lower Court for the purpose of having the alimony determined and fixed, and the community of acquets and gains determined, all costs to be borne by the community of acquets and gains existing between the parties.
Affirmed in part, reversed in part, rendered and remanded.